UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------- :
: Criminal No. 3:01CR219(JCH)
UNITED STATES OF AMERICA, : Civil No. 3:03CV704(JCH)
:
v. :
:
DARIUS McGEE : March 22, 2005
:
---------------------------------------------- :

**MEMORANDUM OF LAW IN SUPPORT OF
AMENDED PETITION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255**

**I.    PETITIONER WAS ENTITLED TO HAVE AN APPEAL FILED ON HIS BEHALF.**

As was set forth in Petitioner's Amended Petition for Relief, Petitioner advised counsel who represented him through the Sentencing and entry of judgment of his desire to appeal the sentence imposed. No appeal was filed. The law is clear that a defendant so situated is entitled to relief. McHale v. United States, 175 F.3d 115 (2d Cir. 1999); United States v. Nagib, 56 F.3d 798 (7th Cir. 1995); Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994); Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992).

**II.   PETITIONER'S OFFENSE LEVEL SHOULD NOT HAVE BEEN BASED UPON THE PRESENCE OF CRACK COCAINE.**

Petitioner advised his counsel that the substance involved was not crack cocaine. Nevertheless, petitioner was sentenced in accordance with the Sentencing Guideline which provides enhanced penalties for crack cocaine. USSG § 2D1.1 provides for level 26 for 5 grams or more crack cocaine and level 12 for less than 25 grams of non-crack

cocaine. This court adopted level 26 as the appropriate offense level. The court should, however, have assigned petitioner level 12.

### III. THE COURT SHOULD NOT HAVE AGGREGATED QUANTITIES FROM ACTIVITIES NOT COMPRISING THE COUNT OF CONVICTION.

Petitioner entered a plea of guilty to count one of the indictment. The quantity involved in that count was 3 grams. The court then accumulated quantities derived from other alleged illegal drug transactions, ultimately sentencing Petitioner for being involved with 6.7 grams.

Petitioner's counsel did not explain to him that under the concept of Relevant Conduct, the court would be accumulating the quantities alleged in counts other than the count of conviction.

Petitioner respectfully urges the court to rule that only that quantity involved in the count of conviction should form the basis of his sentence.

> It has been settled throughout our history that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U. S. 358, 364 (1970). It is equally clear that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." United States v. Gaudin, 515 U. S. 506, 511 (1995). These basic precepts, firmly rooted in the common law, have provided the basis for recent decisions interpreting modern criminal statutes and sentencing procedures. In Jones v. United States, 526 U. S. 227, 230 (1999).

Unites States v. Booker, Fan Fan, 543 U.S. _____, (2005)

A number of courts, including the Second Circuit Court of Appeals, have suggested that relevant conduct that results in a dramatic increase in the sentence should be subject to a "clear and convincing" or other standard of proof more stringent than a mere "preponderance of the evidence". See United States v. Jordan, 256 F.3d 922 (9th Cir. 2001); United States v. Cordoba-Murgas, 233 F.3d 704 (2d Cir. 2000); United States v. Hopper, 177 F.3d 824 (9th Cir. 1999); United States v. Kikumura, 918 F.2d 1084

-2-

(3d Cir. 1990). *See also* <u>United States v. Valensia</u>, 222 F.3d 1173 (9th Cir. 2000), *cert. granted, judgment vacated, and remanded by* 121 S. Ct. 1222 (2001). Also, the Seventh Circuit has spoken openly on the potential for abuse in the increase in sentences resulting in the inclusion of Relevant Conduct. See <u>United States v. Spiller</u>, 261 F.3d 683 (7th Cir. 2001); <u>United States v. Morrison</u>, 207 F.3d 962, 968 (7th Cir. 2000); <u>United States v. Ebbole</u>, 917 F.2d 1495 (7th Cir. 1990).

    Petitioner respectfully requests that this court sentence him, including only the quantity reflected in the count of conviction.

                                                 DEFENDANT DARIUS McGEE

                                                 By_____
                                                 Robert J. Sullivan, Jr.
                                                 LAW OFFICES OF ROBERT SULLIVAN
                                                 190 Main Street
                                                 Westport, Connecticut 06880
                                                 Tel. No. 203/227-1404
                                                 Federal Bar No. CT08969

**CERTIFICATION**

       This is to certify that a copy hereof was mailed on March 22, 2005 to the following:

Darius McGee #14406-014
Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

James Joseph Finnerty, III
U.S. Attorney's Office-BPT
915 Lafayette Blvd. Room 309
Bridgeport, CT 06604

                                                                            _____
                                                                             Robert J. Sullivan, Jr.

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969