UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



FILED

2006 MAY 16 A 11: 25

| | |
|---|---|
| DARIUS MCGEE,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent | :<br>:  CIVIL ACTION NO.<br>:  3:03-cv-704 (JCH)<br>:  3:01-cr-219 (JCH)<br>:<br>:<br>:<br>:<br>:  MAY 16, 2006 |

**RULING RE: PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 [Doc. Nos. 25 & 38]**

I.  **INTRODUCTION**

Petitioner Darius McGee moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal criminal sentence. As a preliminary matter, the first document referenced in the title of this ruling, document number 25, was amended by the second, document number 38. Document number 25 is therefore denied as moot. At the most recent hearing on his section 2255 motion, McGee informed the court that he wished to pursue only one of the three grounds for relief asserted in his amended petition: his argument that trial counsel provided ineffective assistance by failing to file an appeal on McGee's behalf even though McGee asked him to do so.

II.  **STANDARD OF REVIEW**

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted).

"As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).

## III.   FINDINGS OF FACT

It is undisputed that no appeal was filed on McGee's behalf following his sentencing. McGee testified in a hearing on the present motion, on April 11, 2005, that he told the attorney who represented him at his sentencing that he wanted to appeal his sentence, and that he communicated this desire while in the courtroom, immediately after he received his sentence. Timothy Aspinwall, the attorney who represented McGee at sentencing, has submitted an affidavit stating that he does not recall whether he discussed with McGee the advantages and disadvantages of filing a notice of appeal, but that McGee did not indicate to Attorney Aspinwall any time in the ten-day appeal period following sentencing "that he was interested in pursuing an appeal, that he was uncertain about whether he should file an appeal, that he was dissatisfied with his sentence, or that he would like [Attorney Aspinwall] to file an appeal in this matter." Aspinwall Aff. ¶¶ 7-8, Gov.'s Resp. to §2255 Mot. [Doc. No. 27], Ex. 7. Attorney Aspinwall averred that McGee did not indicate that he wished to appeal his sentence until at least several months after sentencing. Id. at ¶ 9. Attorney Aspinwall gave similar testimony at the April 2005 hearing, with one exception: at the hearing, he stated that he could not remember whether or not McGee had told him he was dissatisfied with his sentence during the ten days following sentencing.

The court finds that McGee did express a desire to appeal immediately following

his sentencing. In reaching this finding, it is informed by the vagueness of Attorney Aspinwall's recollection of his interaction with McGee on the day of the sentencing and Attorney Aspinwall's inability to recall whether McGee expressed any dissatisfaction with his sentence in the ten days following the sentencing. The court credits McGee's testimony that he told Attorney Aspinwall that he wished to appeal his sentence in the courtroom, just after the court imposed the sentence.

## IV.    DISCUSSION

McGee claims that his counsel's failure to file an appeal constituted ineffective assistance of counsel. To prevail on this claim, McGee must satisfy the two-part test set out by the Supreme Court in Strickland v. Washington. 466 U.S. 668 (1984). Under Strickland, the petitioner must first show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. Second, the petitioner must show that counsel's deficient performance caused prejudice to the petitioner. Id. at 694.

"[T]rial counsel's failure to file a requested appeal constitutes an independent ground for habeas relief." Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). "A lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable," satisfying the first prong of the Strickland test. Id. (citing Flores-Ortega at 477). The fact that a defendant requested counsel to file an appeal establishes prejudice, regardless of the merits of the appeal, because it shows that the defendant has been deprived of his right to a direct appeal. Id.; see also Campusano v. United States, 442 F.3d 770 (2006) (holding that "where counsel does not file a requested notice of appeal and fails to file an adequate Anders brief [arguing that an appeal would

be frivolous], courts may not dismiss the hypothetical appeal as frivolous on collateral review."). Therefore, the court grants McGee's amended section 2255 motion.

The court will re-enter judgment against McGee. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003) (stating that the Second Circuit has given district courts a choice between re-entering judgment and resentencing) (citing Garcia, 278 F.3d at 138). The court finds that resentencing is unnecessary in this case, because the court does not intend to alter McGee's sentence.

## V.    CONCLUSION

For the foregoing reasons, the court DENIES as moot the petitioner's original Motion to Vacate, Set Aside or Correct Sentence **[Doc. No. 25]** and GRANTS the petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence **[Doc. No. 38]**. The court ORDERS that the petitioner's sentence be vacated, and judgment re-entered, imposing the same sentence. The petitioner will thus have ten days from the date of the re-entered judgment to file a notice of appeal, whether through counsel or pro se. Fed. R. App. P. 10(b)(1).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of May, 2006.

Janet C. Hall
United States District Judge