06-2662-cr
USA v. McGee

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of January, two thousand and eight.

PRESENT:

HON. AMALYA L. KEARSE,
HON. PETER W. HALL,
*Circuit Judges,*
HON. JED S. RAKOFF,
*District Judge.*[*]



UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                    06-2662-cr

DARIUS DURAND MCGEE,
*Defendant-Appellant.*

_____

[*]The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

1

Appearing For Appellee:                     SANDRA S. GLOVER (EDWARD
                                            CHANG, *on the brief*) Assistant
                                            United States Attorneys, *for* Kevin J.
                                            O'Connor, United States Attorney
                                            for the District of Connecticut.

Appearing For Defendant-Appellant:          ROBERT J. SULLIVAN, JR.
                                            Westport, CT.


Appeal from sentence imposed by the United States District Court for the District of Connecticut

(Janet C. Hall, *J.*).  **UPON DUE CONSIDERATION  IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is

**AFFIRMED**.

Defendant McGee appeals from a May 16, 2006 judgment reimposing an April 25, 2002

sentence for his conviction following a plea of guilty to one count of 21 U.S.C. § 841(a)(1) and

21 U.S.C. § 841(b)(1)(C) for possession with intent to distribute and distribution of less than five

grams of cocaine base.[1]  We assume the parties' familiarity with the facts, proceedings below,

and specification of the issue on appeal.

McGee's sole argument asserts that the district court relied on inaccurate information

contained in the Pre-Sentence Report (PSR) regarding lengths of sentences he served for prior

convictions.  The PSR had relied on those sentences in concluding that McGee should be

sentenced as a career offender.  Neither before the District Court nor on this appeal, however, has

McGee demonstrated how the information contained in the PSR regarding previously imposed

_____

[1]On April 17, 2003, McGee filed a motion pursuant to 28 U.S.C. § 2255 claiming
ineffective assistance of counsel based on his then-attorney's failure to appeal his sentence
originally imposed in April 2002.  The District Court granted McGee's § 2255 motion on May
16, 2006, vacating the original judgment and then reimposing the sentence that had been entered
in April 2002, thus allowing McGee a renewed opportunity to appeal.

sentences was erroneous.  At the sentencing hearing, McGee's counsel informed the District

Court that McGee indicated he had not served the sentences described in the PSR, adding that

"[he, counsel,] ha[d] no way of verifying that."  Having made known his objection, McGee did

not proffer any evidence as to the actual lengths of sentences served, nor did he seek to have the

district court make a determination of the pertinent facts following an evidentiary hearing.  *See*

FED R. CRIM. P. 32(i)(2) ("The court may permit the parties to introduce evidence [or testimony]

on the objections."); *see also* FED. R. CRIM. P. 32(i)(3)(A) (providing that the sentencing court

"may accept any undisputed portion of the presentence report as a finding of fact").

Based on his assertion that the PSR did not accurately report the lengths of the sentences

he had served, McGee argues that the District Court could not properly have determined the

extent of a sentencing departure.  Despite McGee's failure to demonstrate that his prior sentences

were shorter than reported in the PSR, the District Court exercised its authority under the

Guidelines in granting a downward departure to eliminate the effect of the career offender

enhancement, U.S.S.G. §4B1.1, while specifically declining to adjust McGee's criminal history

category, *see* U.S.S.G. §4A1.3(b) (authorizing a downward departure where the defendant's

criminal history category "substantially over-represents" his prior criminal history or likelihood

of recidivism); *United States v. Mishoe*, 241 F.3d 214, 219 (2d Cir. 2001) (listing factors which

may be considered by a court in determining whether to grant a departure, including "the amount

of time previously served compared to the sentencing range called for by placement" in a

particular criminal history category).  McGee has set forth no basis for this Court to conclude that

the information the District Court considered in its sentencing determinations was unreliable.

For that reason, McGee fails to support his claim that the District Court erred in relying on the information in the PSR.

Upon review of the record and the applicable law, we find no basis to conclude that the District Court erred in imposing the sentence it did.  Accordingly we **AFFIRM** the judgment below.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By: _____