UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:01CR219(JCH) |
| | : | |
| DARIUS MCGEE | : | March 10, 2008 |

_____**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On April 25, 2002, this Court sentenced the defendant, Darius Durand McGee, to 115 months

of imprisonment after he pleaded guilty to possession with intent to distribute cocaine base ("crack")

in violation of 21 U.S.C. § 841(a)(1).[1]  On March 5, 2008, the defendant, through counsel, filed a

motion seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The defendant

seeks to be re-sentenced based upon a change to the crack cocaine guidelines which were passed by

the Sentencing Commission on November 1, 2007 and made retroactive for all defendants as of

March 3, 2008.  On March 6, 2008, the Court entered an Order directing the Government to show

cause why the defendant should not be re-sentenced to 77 months.

Although this Court has the discretion to reduce the defendant's sentence to 77 months'

imprisonment, the Government respectfully suggests that a sentence of 96 months' imprisonment

would be more appropriate in this case.  Because the defendant was a career offender, his original

guideline range was 151-188 months.  At sentencing, the Court granted the defendant a significant

---

[1] Judgment originally entered May 2, 2002, but approximately one year later, the defendant
filed a motion under 28 U.S.C. § 2255 alleging that he had received ineffective assistance of counsel
because his lawyer failed to file a notice of appeal.  On May 16, 2006, this Court granted the
defendant's motion, and as a remedy, ordered that the sentence be vacated and judgment re-entered
to allow the filing of a notice of appeal.  The defendant appealed, and the judgment was affirmed by
summary order on January 8, 2008.

downward departure under Sentencing Guideline § 4A1.3 and sentenced him to the top of the range that would have applied if the defendant had not been a career offender (92-115 months). Under the new crack guidelines, the applicable range if the defendant is not considered a career offender is 77-96 months. Consistent with this Court's earlier decision, the Government respectfully suggests that the Court should reduce the defendant's sentence to a sentence at the top of the new guideline range, 96 months.

## I.    **BACKGROUND**

On January 19, 2001, a federal grand jury returned a three-count indictment against the defendant charging him with violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of cocaine base) on three separate occasions. The defendant pleaded guilty to Count One of the indictment on January 18, 2002.

In preparation for sentencing, the United States Probation Office prepared a Pre-Sentence Report. Using the 2001 Guidelines manual, the PSR attributed 6.7 grams of crack cocaine to the defendant, resulting in a base offense level of 26 under § 2D1.1(c)(7). PSR ¶ 15. The PSR detailed the defendant's lengthy criminal history and concluded that because of the defendant's prior convictions, he qualified as a career offender under Sentencing Guideline § 4B1.1. PSR ¶¶ 21, 24-33. This conclusion raised his offense level from 26 to 32 under § 4B1.1(C), resulting in a total offense level of 29 after a three-level reduction for acceptance of responsibility. PSR ¶¶ 21-23. The defendant's criminal history placed him in criminal history category VI (a conclusion also required by his career offender designation), resulting in a sentencing guideline range of 151-188 months. PSR ¶ 33; Sentencing Table.

2

At sentencing, the defendant raised no objections to the facts and findings as presented in the PSR, and the Court thus adopted those findings. The only contested issue at sentencing was the defendant's request for a downward departure. The defendant argued that his guidelines calculation, based on his designation as a career offender, overstated the seriousness of his criminal history and accordingly asked for a downward departure under Sentencing Guideline § 4A1.3 and *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001). After hearing arguments from counsel, this Court granted the departure, concluding that while the criminal history category itself was not overstated, the operation of the career offender guidelines resulted in a significant jump in his guidelines range that ultimately overstated his criminal history and background. Thus, this Court exercised its discretion to depart downward to the offense level that the defendant's offense conduct would have warranted without consideration of the career offender designation. This resulted in a guidelines range of 92-115 months' imprisonment. The Court sentenced the defendant to the top of that range (115 months) and to five years of supervised release.

## II.  DISCUSSION

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper

procedure for implementing the amendment in a concluded case.[2]  On December 11, 2007, the

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of

relief available under 18 U.S.C. § 3582(c).  *See* U.S.S.G. App. C, Amend. 712.  Revised Section

1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1)  <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

> (2)  <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

> > (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

> > (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

> (3)  <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

---

[2]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses.[3]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.  U.S.S.G. App. C, Amend. 713.  *Id.*

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  *See* U.S.S.G., Supplement to App. C, Amend. 706.  Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

---

[3]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the defendant was responsible for distributing approximately 6.7 grams of cocaine base. Under the November 1, 2007 guidelines, the quantity of cocaine base involved translates into a base offense level of 24, *see* U.S.S.G. § 2D1.1(c)(8), which amounts to a two-level reduction from the former base offense level. Under the career offender guidelines, the defendant's offense level still increases to level 32 under § 4B1.1(C), thus resulting in a total offense level of 29 after a three-level reduction for acceptance of responsibility. PSR ¶¶ 21-23. However, when combined with the other guideline applications made earlier – including the departure to the range applicable if the defendant had not been considered a career offender – the final offense level is 21 (base level 24 reduced by 3 for acceptance of responsibility). At the established criminal history category of VI, this results in a sentencing range of 77-96 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of

6

imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998);[4] *see also United States v. Colon*, 961 F.2d 41, 46 (2d Cir. 1992) (stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id.*, comment. (n.1(B)(I)); *see also* U.S.S.G. § 1B1.10, comment. (backg'd.) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992); *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under

---

[4] In *Vautier*, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." *Vautier*, 144 F.3d at 759.

§ 3582(c)(2)." *Vautier*, 144 F.3d at 760.  First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

*Id.*  In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain intact."  *Vautier*, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  *Id.*[5]  Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note

---

[5]  The Eighth Circuit has also endorsed and explained at length this two-step procedure. *United States v. Hasan*, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), *citing United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997).  In *United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.  *See id.*

1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n.3).[6] Thus, the Court may not reduce the sentence below the range provided by the

---

[6] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under

amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10, comment. (n.3).

Finally, the Court may act on the defendant's motion for relief under § 3582(c) without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). *See*, *e.g.*, *Anderson v. United States*, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is *not* required") (emphasis in original); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); *United States v. Tidwell*, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

---

subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

10

III.    **CONCLUSION**

Under the new crack guidelines, the defendant's guideline range is 77-96 months.  The Government respectfully suggests that pursuant to 18 U.S.C. § 3582(c), the Court should exercise its discretion to lower the defendant's sentence from 115 months' incarceration (the top of the old range) to 96 months' incarceration (the top of the new range) pursuant to the amendment.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


SANDRA S. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct24354
23d Floor
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700


/S/
by:    RICHARD SCHECHTER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct24238
915 Lafayette Blvd.
Bridgeport, CT 06604

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of March, 2008, I caused a copy of the foregoing Response to be sent by facsimile and first-class mail, postage prepaid, to the following:

Robert J. Sullivan, Jr.
Law Offices of Robert Sullivan
190 Main Street
Westport, Connecticut 06880
FAX: (203) 226-6403

Joseph Zampano
United States Probation Officer
Federal Building, Rm. 200
915 Lafayette Blvd.
Bridgeport, CT 06604
FAX: (203) 579-5571


_____    /S/
                                          RICHARD SCHECHTER
                                          ASSISTANT UNITED STATES ATTORNEY