UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:01CR219(JCH) |
| | : | |
| DARIUS MCGEE | : | March 12, 2008 |

**GOVERNMENT'S AMENDED RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On March 10, 2008, the Government responded to the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582. After further review, the Government submits this amended response to the defendant's motion.

On April 25, 2002, this Court sentenced the defendant, Darius Durand McGee, to 115 months of imprisonment after he pleaded guilty to possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1).[1] On March 5, 2008, the defendant, through counsel, filed a motion seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant seeks to be re-sentenced based upon a change to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007 and made retroactive for all defendants as of March 3, 2008. On March 6, 2008, the Court entered an Order directing the Government to show cause why the defendant should not be re-sentenced to 77 months.

---

[1] Judgment originally entered May 2, 2002, but approximately one year later, the defendant filed a motion under 28 U.S.C. § 2255 alleging that he had received ineffective assistance of counsel because his lawyer failed to file a notice of appeal. On May 16, 2006, this Court granted the defendant's motion, and as a remedy, ordered that the sentence be vacated and judgment re-entered to allow the filing of a notice of appeal. The defendant appealed, and the judgment was affirmed by summary order on January 8, 2008.

The Court should deny the defendant's motion for relief. The new crack guidelines are inapplicable to the defendant because they do not reduce the defendant's sentencing guideline range.

**I.   BACKGROUND**

On January 19, 2001, a federal grand jury returned a three-count indictment against the defendant charging him with violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of cocaine base) on three separate occasions. The defendant pleaded guilty to Count One of the indictment on January 18, 2002.

In preparation for sentencing, the United States Probation Office prepared a Pre-Sentence Report. Using the 2001 Guidelines manual, the PSR attributed 6.7 grams of crack cocaine to the defendant, resulting in a base offense level of 26 under § 2D1.1(c)(7). PSR ¶ 15. The PSR detailed the defendant's lengthy criminal history and concluded that because of the defendant's prior convictions, he qualified as a career offender under Sentencing Guideline § 4B1.1. PSR ¶¶ 21, 24-33. This conclusion raised his offense level from 26 to 32 under § 4B1.1(C), resulting in a total offense level of 29 after a three-level reduction for acceptance of responsibility. PSR ¶¶ 21-23. The defendant's criminal history placed him in criminal history category VI (a conclusion also required by his career offender designation), resulting in a sentencing guideline range of 151-188 months. PSR ¶ 33; Sentencing Table.

At sentencing, the defendant raised no objections to the facts and findings as presented in the PSR, and the Court thus adopted those findings. The only contested issue at sentencing was the defendant's request for a downward departure. The defendant argued that his guidelines calculation, based on his designation as a career offender, overstated the seriousness of his criminal history and accordingly asked for a downward departure under Sentencing Guideline § 4A1.3 and *United States*

*v. Mishoe*, 241 F.3d 214 (2d Cir. 2001). After hearing arguments from counsel, this Court granted the departure, concluding that while the criminal history category itself was not overstated, the operation of the career offender guidelines resulted in a significant jump in his guidelines range that ultimately overstated his criminal history and background. Thus, this Court exercised its discretion to depart downward to the offense level that the defendant's offense conduct would have warranted without consideration of the career offender designation. This resulted in a guidelines range of 92-115 months' imprisonment. The Court sentenced the defendant to the top of that range (115 months) and to five years of supervised release.

## II. DISCUSSION

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir.

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713. *Id.*

---

2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

[3] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the defendant's motion must be denied because the crack guideline amendment does not have the effect of lowering the defendant's guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See*, *e.g.*, *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the

6

definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

    In this case, the defendant's guideline calculation did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 26; that would be reduced to 24 pursuant to Amendment 706. However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 32 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. *See*, *e.g.*, *United States*

*v. LaFrance*, 2008 WL 447548 (D. Me. Feb. 19, 2008); *United States v. Pizarro*, 2008 WL 351581 (D.N.H. Feb. 8, 2008); *United States v. Turner*, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

### III.  CONCLUSION

Because the new crack guidelines do not lower the defendant's guideline calculation, he is not entitled to a sentence reduction under 18 U.S.C. § 3582(c).

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        /S/
        SANDRA S. GLOVER
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct24354
        23d Floor
        157 Church Street
        New Haven, Connecticut  06510
        (203) 821-3700


        /S/
by:    RICHARD SCHECHTER
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct24238
        915 Lafayette Blvd.
        Bridgeport, CT 06604

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 12th day of March, 2008, I caused a copy of the foregoing Amended Response to be sent by facsimile and first-class mail, postage prepaid, to the following:

    Robert J. Sullivan, Jr.
    Law Offices of Robert Sullivan
    190 Main Street
    Westport, Connecticut 06880
    FAX: (203) 226-6403

    Joseph Zampano
    United States Probation Officer
    Federal Building, Rm. 200
    915 Lafayette Blvd.
    Bridgeport, CT 06604
    FAX: (203) 579-5571

    /S/
    RICHARD SCHECHTER
    ASSISTANT UNITED STATES ATTORNEY