UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     Plaintiff, | : | CRIMINAL NO. |
| | : | 3:01-CR-219(JCH) |
| v. | : | |
| | : | |
| DARIUS McGEE | : | MARCH 27, 2008 |
|     Defendant. | : | |

**RULING**

The defendant, through counsel, has moved for a reduction of his sentence due to the recent amendment of the Sentencing Guidelines concerning crack cocaine. The Sentencing Commission has amended the Guidelines, through Amendment 706, effective November 1, 2007, to reduce the base offense level for most crack offenses, and it has determined to apply it retroactively, effective March 3, 2008, U.S.S.G. App. C., Amendment 713.

However, a defendant's sentence may only be reduced if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction, however, must be consistent with the applicable Policy Statements in the Guidelines. In its revisions to Guideline 1B1.10, the Commission expressly provided that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In this case, the defendant was sentenced to a term of imprisonment of 115 months. The court arrived at that sentence after calculating the defendant's guideline to be offense level 29 and his criminal history VI, for a range of 151 to 188. This was based on the defendant's status as a career offender (level 32, less 3 points for acceptance). The court then departed, under Guideline 4A1.3 (overstatement of criminal history), to a guideline range of 92 to 115 months.

In light of the above, defendant does not qualify for a reduction in sentence. His guideline calculation is unchanged by the Amendment. The career offender guideline would still be used.

Nothing in defendant's Motion suggests otherwise. It merely assumes the defendant is entitled to a reduction because his offense was a crack offense, without regard to what the Guideline range applicable to the defendant was at sentencing, in contrast to now, under the amended guidelines.

For the foregoing reasons, the defendant's Motion to Reduce (Doc. No. 56) is Denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 27th day of March, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge